UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY D. SAMSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-253-FHM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Ashley D. Samson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's May 1, 2002 application for Supplemental Security Income benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held October 28, 2003. By decision dated March 10, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on March 3, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born April 30, 1984, and was 19 years old at the time of the hearing. [R. 57, 451]. She claims to have been unable to work since May 1, 2002, due to pain and fatigue related to Crohn's disease, back problems and depression. [R. 454, 462]. The ALJ determined that Plaintiff has a severe impairment consisting of Crohn's disease but that she retains the residual functional capacity (RFC) to perform a wide range of light exertional work activity within close proximity to a rest room. [R. 24, 33]. He determined that Plaintiff has no past relevant work (PRW). [R. 33]. Based upon the testimony of a vocational expert (VE), the ALJ found there are several jobs in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 34]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 35]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ failed to discuss whether the evidence met or equaled a listing and that he improperly assessed her credibility. [Plaintiff's Brief, p. 4]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

**Step 3 Findings**

Citing *Clifton v. Chater,* 79 F.3d 1007 (10th Cir.1996), Plaintiff claims the ALJ failed to adequately discuss which listing he considered. Defendant responds that there is no listing for Crohn's disease, that Plaintiff has not cited a listing that is applicable to her claim and did not claim at the hearing that her impairment satisfied the criteria of any listing. Defendant cites a recent Tenth Circuit case, *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) which held that the harmless error analysis "may be appropriate to supply a missing dispositive finding ... where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). *Fischer-Ross*, 431 F.3d at 733-34. After review of the ALJ's decision and the record in this case, the Court agrees with Defendant.

In his decision, the ALJ described the medical evidence in great detail. [R. 24-20]. He then enumerated testimony given at the hearing by Plaintiff and by her mother. [R. 29-31]. After setting forth Plaintiff's RFC, the ALJ explained his rationale for that assessment and acknowledged his duty to consider all symptoms, including pain, and the extent to which these symptoms were consistent with the medical evidence. [R. 31-33]. The ALJ concluded Plaintiff's Crohn's disease is a severe impairment but that the medical evidence did not support her claims that symptoms related to the disease preclude engaging in any work activities. The ALJ noted in particular, the evidence of only minimal rectal inflammation but otherwise normal colonoscopy in 2001 and instances of flare-ups when Plaintiff ate foods she knew would irritate her stomach and failed to take her medication as prescribed. [R. 32]. The ALJ also observed that

none of Plaintiff's treating physicians had restricted her activities or told her she could not work. [R. 33]. Plaintiff cites to a February 20, 2004 notation by Gale Derington, M.D., that Dr. Simon "agrees [Plaintiff] is disabled from Chrones (sic), but could be a problem with non compliance" as evidence that her treating physicians considered her disabled. [R. 438, Plaintiff's Reply Brief]. However, this lone, conclusory statement is not sufficient to support a finding of disability. *See Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. Dec. 2, 2003) (ALJ not required to give opinion of treating physician controlling weight if not well-supported by medically acceptable clinical and laboratory diagnostic techniques or not consistent with other substantial evidence in the record). Furthermore, the "opinion" to which Plaintiff refers is not an expressed finding of Plaintiff's working limitations but a note regarding Dr. Derington's discussion with Dr. Simon regarding Plaintiff's failure to follow-up with medical treatment recommendations. [R. 438].[2]

The Court finds the ALJ considered the medical evidence and Plaintiff's testimony and that, despite his abbreviated discussion with regard to the listings, his subsequent findings and the indisputable aspects of the medical record conclusively preclude Plaintiff's qualification under the listings at step three. *Fischer-Ross*, 431 F.3d at 735 (Any deficiency in ALJ's articulation of his reasoning to support his step three determination is harmless when no reasonable factfinder could conclude otherwise.). In this case, the Court finds the ALJ's substantiated RFC findings provide a definitive

---

[2] Dr. Derington reported that she was filling out forms "re: disability." [R. 438]. The forms do not appear in the record. Defendant suggests Plaintiff did not submit the completed form. [Defendant's brief, p. 8]. Plaintiff replies that Dr. Derington deferred her opinion to Dr. Simon but counsel does not advise whether or not the form was ever filled out, by either doctor, or why it was not provided to the the ALJ or the Appeals Council. [Plaintiff's Reply Brief, p. 1].

basis for rejection of the listings and that any deficiency in his written decision regarding the listings criteria does not create a basis for reversal.

## Credibility Determination

Plaintiff contends the ALJ failed to consider the symptoms Plaintiff alleged which are supported by the medical records.  When evaluating the credibility of a claimant's statements, the ALJ must consider the entire case record and give specific reasons for the weight given to those statements. The decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186.  Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Contrary to Plaintiff's contention, the ALJ's decision reflects adequate consideration of the evidence.  The ALJ thoroughly discussed the medical records from Plaintiff's primary treating physicians and other aspects of the medical record and he made specific findings, supported by the record, regarding the credibility of Plaintiff and her mother.  Plaintiff claims the medical evidence supports her testimony. The page in the medical record that reflects "the same number of restroom breaks as she reported at the hearing" cited by Plaintiff [R. 438] does not overwhelm or contradict the evidence that supports the ALJ's conclusion that Plaintiff's symptoms from Crohn's disease flared when she stopped taking her medication as prescribed [R. 253, 279, 289, 308, 314, 315, 356, 359, 361, 395, 399, 404, 407,  441].  Contrary to Plaintiff's contention, the

ALJ did consider the documentation of frequent stools in Plaintiff's medical records and assessed limitations in her RFC accordingly.  Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ.  Plaintiff essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).  The record does contain substantial evidence supporting the ALJ's decision denying benefits. See *Glenn v. Shalala*, 21 F.3d 983, 987-88 (10th Cir.1994) (despite existence of evidence contrary to ALJ's finding, appellate court must affirm if, "considering the record as a whole, including whatever fairly detracts from the findings, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion" (citation, further quotation omitted)).  The Court's role is to verify whether substantial evidence underlies the ALJ's decision, not to substitute its judgment for his. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

As to Plaintiff's claim of a severe mental impairment, the Court finds the ALJ considered the evidence to which Plaintiff cites.  The ALJ discussed the results of the psychological examination by Minor W. Gordon, Ph.D., in detail. [R. 27-29].  He acknowledged the diagnosis of depressed mood, mild, and noted the GAF of 80. [R. 362-365].  The ALJ also considered the Psychiatric Review Technique Form (PRT) filled out and signed by the DDS physician. [R. 29, 366-380].  Based upon this evidence, the ALJ found Plaintiff's mental impairment was not severe. [R. 29].  Plaintiff points to no evidence that contradicts this determination.  The mere presence of a condition or ailment documented in the record is not sufficient to prove that the claimant is significantly limited in the ability to do basic work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997).

Because the Court concludes that there is sufficient evidence in the record to support the ALJ's credibility findings and that the ALJ properly linked his credibility findings to the record, there is no reason to deviate from the general rule to accord deference to the ALJ's credibility determination, see *James v. Chater*, 96F.3d 1341, 1342 (10th Cir. 1996)(witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

## **Conclusion**

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a limited range of light work activity. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 21st day of August, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE